# In the United States Court of Federal Claims

ADVANCED SIMULATION
TECHNOLOGY INC.,

                *Plaintiff,*

   v.

THE UNITED STATES,

                *Defendant.*

No. 23-2201C

(Filed November 4, 2024)

Hamish Hume, Boies Schiller & Flexner LLP, Washington, DC, for plaintiff.

Brendan Jordan, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Denying ASTi's Motion for Reconsideration of the Court's Judgment**

**SILFEN,** *Judge*.

In August 2024, the court issued an opinion granting the government's motion to dismiss Advanced Simulation Technology, Inc.'s (ASTi's) bid-protest complaint, dismissing ASTi's first amended complaint and denying ASTi's alternative request for leave to amend or to transfer. The court explained that ASTi had received all the relief that was available when the government canceled the then-pending contract. ASTi now moves for reconsideration under rule 59(a) of the Rules of the United States Court of Federal Claims. ASTi makes two primary arguments: (1) that the court incorrectly relied on a government declaration that was outside the complaint and submitted for the first time in a reply brief; and (2) that the court did not give ASTi the benefit of all reasonable inferences and the presumption of truth. ASTi also points out that the court twice mistakenly

1

referred to 10 U.S.C. § 3453 as "CICA" (the Competition in Contracting Act) instead of "FASA" (the Federal Acquisition Streamlining Act). ECF No. 55 at 2 n 1. The court agrees that the original opinion erroneously referred to 10 U.S.C. § 3453. The court therefore **reissues** the opinion with those errors corrected. Those changes do not affect the substance of the decision. ASTi's motion does not otherwise show the extraordinary circumstances that would warrant relief, and the court therefore **denies** ASTi's motion.[1]

I.   Discussion

The standard for granting a motion for reconsideration of a final judgment is high. A movant must show "extraordinary circumstances to justify relief." *Crews v. United States*, 424 F. App'x 937, 940 (Fed. Cir. 2011); *see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988). The three most common bases for revising a judgment are "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Delaware Valley Floral Groups, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (quotation marks omitted). Reconsideration based on a clear error or manifest injustice is appropriate only "where the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Id.* at 1384 (cleaned up). A party seeking to prevent manifest injustice cannot prevail "unless it demonstrates that any injustice is apparent to the point of being almost indisputable." *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010) (quotation marks omitted). The court will not grant a motion for reconsideration when the movant merely restates arguments previously made and considered by the court or when the movant raises entirely

---

[1] While ASTi's motion was pending, ASTi filed a notice of appeal. ECF No. 56 (assigned Appeal No. 25-1089 at the Federal Circuit). The Federal Circuit deactivated the appeal to allow this court to decide ASTi's motion. ECF No. 57.

new subjects that it could have raised earlier. *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002); *Lee v. United States*, 130 Fed. Cl. 243, 253 (2017), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018).

      **A.**    **ASTi's argument that the court incorrectly relied on an improperly submitted government declaration does not meet the standard for reconsideration**

ASTi argues that this court's opinion improperly relied on a government declaration (ECF No. 48-1) submitted for the first time with the government's reply brief, without giving ASTi an opportunity for discovery. ECF No. 55 at 2, 6. ASTi forfeited that argument by not raising it earlier, and regardless ASTi does not show clear error.

ASTi had several opportunities to respond to the government's declaration. ASTi could have moved to strike the declaration or sought leave to file a surreply. Rule 12(f)(2), Rules of the United States Court of Federal Claims (RCFC); *see, e.g.*, *3rd Eye Surveillance, LLC v. United States*, 158 Fed. Cl. 216, 220 (2022) (granting motion for leave to file a surreply to address a new issue the government raised in its reply); *Lucier v. United States*, 138 Fed. Cl. 423, 438 (2018) (same). ASTi also could have responded to the declaration during the oral argument.

While ASTi argues that it said the declaration was not "procedurally proper at this stage," (ECF No. 55 at 5 (citing ECF No. 51 at 42:18-20)), it ignores the context of its statement. ASTi made that statement while *agreeing* with the content of the government's declaration on a particular point that was separate from the point that now concerns ASTi. ASTi was acknowledging that it viewed the declaration "as the Government letting [ASTi] know that … [an] inference" ASTi was drawing "may not have been correct." ECF No. 51 at 42:6-23. ASTi withdrew its argument based on that inference. *Id.* ASTi did not otherwise develop an argument or objection to the government's declaration at the oral argument or at any other time before the court issued its opinion.

ASTi also argues that the court should have given notice that it might "consider[] new evidence submitted by the Government in its reply brief" and should have "giv[en] ASTi the

3

opportunity to brief the issue in response." ECF No. 55 at 4. But it was ASTi's responsibility to move to strike or move for a surreply if it thought the government was raising a new argument in its reply. Courts can consider "new arguments or evidence if the opposing party had an opportunity to respond," including having enough time to file a surreply. *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188-89 (9th Cir. 2024) (holding that the trial court did not "abuse its discretion in considering … an argument raised for the first time in a reply brief because … Plaintiff's documents were submitted at least five days before the hearing, and nothing in the record suggests that Defendants were prevented from responding"); *cf. Atlantic Specialty Insurance Company v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 901-02 (11th Cir. 2019) (finding error because the district court relied on new evidence after denying the opposing party an opportunity for a surreply); *Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). The government filed its reply with the attached declaration in May 2024, an oral argument was held seventeen days later in June 2024, and the court issued an opinion two months after that in August 2024; ASTi had ample time to respond before, during, and after the oral argument.

Also, the court's decision did not turn on the declaration. The court's decision turned on the fact that the government had already canceled the Bowhead contract, which no one disputes, and that contract was the focus of ASTi's complaint. *See* ECF Nos. 21, 53. The government's declaration also was not dispositive on the issue ASTi raises in its motion for reconsideration: whether the process of developing DRMS-NG is iterative. ECF No. 55 at 3. ASTi itself said "you could call it an iteration, but it was a massive iteration." ECF No. 51 at 51:1-6. The court acknowledged ASTi's characterization but ultimately held that ASTi's pleadings did not support its assertion that any work done "involves such a massive improvement." ECF No. 53 at 15-16.

Even if the project was not iterative, that does not help ASTi. There was a spectrum of possibilities under ASTi's complaint, from the DRMS-NG project being an entirely new project to it being a minor iteration on an existing project. If DRMS-NG was entirely new, the government needed to have taken concrete steps toward a procurement to allow for a bid protest. ECF No. 53 at 8, 12-14. If it was iterative, it was a continuation of a project from decades ago and could not support a bid protest. *Id.* at 6-10. Under either scenario, there was no ripe controversy. Thus, the declaration's focus on the iterative nature of DRMS-NG was not central to the court's decision, which addressed different possibilities along that spectrum, including that DRMS-NG was new. ASTI has not "demonstrate[d] that … injustice is apparent to the point of being almost indisputable." *Griffin*, 96 Fed. Cl. at 7.

> **B.     ASTi's argument that the court did not afford ASTi the benefit of all reasonable inferences and the presumption of truth does not meet the standard for reconsideration**
>
> **1.     The court gave ASTi the benefit of all reasonable inferences**

ASTi argues that the court did not afford it the benefit of reasonable inferences with respect to two of its claims: (1) that the government will later seek to procure the goods necessary to develop DRMS-NG even though the Bowhead contract has been canceled, and (2) that a job posting by Huntington Ingalls demonstrates that an outside contractor is providing services to the government. ECF No. 55 at 10. ASTi's argument does not demonstrate clear error and only restates arguments the court already rejected.

As the court explained in its decision, ASTi's claim that the government will inevitably want to buy the products that it sought in the now-canceled Bowhead contract is a premature protest. ECF No. 53 at 10-11. A claim is unripe when it involves "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580-81 (1985) (quotation marks omitted). The government has not

decided to buy those products. ECF No. 53 at 12-13. ASTi argues that the court misinterpreted this court's holding in *Hydraulics* and that a future procurement is imminent in this case. ECF No. 55 at 11 (citing *Hydraulics International, Inc. v. United States*, 161 Fed. Cl. 167 (2022)). As an initial matter, the court explained its reasoning in differentiating this case from *Hydraulics*. ECF No. 53 at 13-14; *see Ammex*, 52 Fed. Cl. at 557 (The court "will not grant a motion for reconsideration if the movant merely reasserts arguments previously made all of which were carefully considered by the court." (cleaned up)). ASTi has not shown that the court failed to afford it the benefit of reasonable inferences, nor has it shown that the court clearly erred, in holding that ASTi's claim regarding a potential future procurement is premature and unripe. *See* ECF No. 53 at 10-14.

ASTi's reliance on the Huntington Ingalls job posting similarly fails to show clear error. ASTi mentioned the Huntington Ingalls job posting only once, in one sentence of its 45-page complaint. ECF No. 21 at 6-7 [¶20]. By contrast, ASTi mentioned Bowhead, which was the focus of the complaint, 79 times. ECF No. 21. As the court noted, ASTi has not identified any specific work by Huntington Ingalls on DRMS or DRMS-NG, nor has ASTi demonstrated that the government retained Huntington Ingalls for DRMS-related work. ECF No. 53 at 14-16. Even drawing all reasonable inferences in its favor, ASTi's argument that one job posting by a private company creates a government procurement that can be protested does not meet the standard for plausibility. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to survive a motion to dismiss, a party must "nudge[] [its] claims across the line from conceivable to plausible"). Further, as explained in the decision, if ASTi had actually been protesting a contract that was given to Huntington Ingalls, ASTi would have "provided advance notice of filing" under the rules of this court, the way it notified Bowhead. ECF No. 53 at 16; RCFC app. C [¶2]. Huntington Ingalls was never on notice that it should intervene in this case to protect its interests; this case was never about

Huntington Ingalls. ECF No. 53 at 16. ASTi has not demonstrated that the court clearly erred in its decision.

### 2. On the presumption of truth, ASTi did not provide plausible facts to support that there was a procurement

ASTi argues that the court did not afford it the presumption of truth and assumed that DRMS-NG was a finished system. ECF No. 55 at 9. As already discussed, the court did not assume that DRMS-NG was a developed product; rather the court held that ASTi did not provide plausible facts to show that the government "has undertaken any concrete procurement actions." ECF No. 53 at 7-8.[2]

The court explained that the government can iteratively improve products that it already possesses. ECF No. 53 at 6-7 (citing *VFA, Inc. v. United States*, 118 Fed. Cl. 735, 743 (2014)). ASTi argues that the court should not have relied on *VFA* because ASTi's complaint alleges that DRMS-NG is a new development by the government instead of an iterative development. ECF No. 21 at 4-5 [¶11-13]. ASTi's pointing to the same paragraphs in the complaint that the court addressed in its decision does not demonstrate clear error. Even if the court ignored the government's declaration stating that DRMS-NG is iterative, ASTi's complaint does not address any action by the government outside the Bowhead contract, which the government canceled, the one sentence about Huntington Ingalls already discussed, and two sentences about another contractor that ASTi has withdrawn (ECF No. 51 at 41:25-42:23), that supports its allegations of a new development. It is ASTI's responsibility to demonstrate, in its complaint, that its allegations are

---

[2] ASTi attaches a new exhibit to argue that DRMS and DRMS-NG are different, alleging that the exhibit contradicts the government's declaration submitted with its reply. ECF No. 55-1. That exhibit could potentially have been included with a surreply (*supra* § I.A), but ASTI chose not to include it, and it is not part of the record that was before the court in making a decision. Regardless, the exhibit does not present new information that would compel the court to change its decision.

plausible. *Twombly*, 550 U.S. at 570. Stating that the government is illegally developing a product without a solicitation, without facts to support that allegation, does not reach plausibility.

As the court explained, allowing a plaintiff to protest any government decision not to procure a product or service "would unlock a veritable Pandora's box" of protests against agency decisionmaking. *International Genomic Consortium v. United States*, 104 Fed. Cl. 669, 676-77 (2012); ECF No. 53 at 8-9. As the court also explained, ASTi's complaint does not provide sufficient detail to establish what the boundaries of the administrative record would be—such as timespan, decisionmakers, and decisions. ECF No. 53 at 8-9. ASTi argues that the court should not credit the government's assertions that it would be difficult to compile an administrative record in this case. ECF No. 55 at 8-9. The court's references to the administrative record were designed not to avoid a difficult task for the government but to underscore the amorphousness of ASTi's concerns in this case. In its motion, ASTi does not identify a more detailed procurement decision that the court overlooked, nor does ASTi explain how the court clearly erred.

ASTi also argues that the court disregarded *Palantir USG, Inc. v. United States*, 904 F.3d 980 (Fed. Cir. 2018), which, according to ASTi, shows that the fact that the government has developed an earlier version of a system does not necessarily allow it to continue to develop new versions. ECF No. 55 at 9. ASTi cited that decision once its briefing (ECF No. 47 at 32), in discussing separation of powers, and referred to it during the oral argument (ECF No. 51 at 50:20-51:6), but did not develop the current argument based on *Palantir*. Regardless, in *Palantir*, unlike here, no one disputed that the government had actually conducted a procurement. 904 F.3d at 988.

### C. The court incorrectly referred to 10 U.S.C. § 3453 as "CICA" instead of "FASA"

ASTi correctly points out that the court's opinion mistakenly referred to 10 U.S.C. § 3453 as "CICA" in a few places instead of "FASA." ECF No. 55 at 2 n.1 (referring to ECF No. 53 at 9, 15). The court will reissue an unsealed opinion correcting those errors.

## II. Conclusion

For the reasons stated above, the court **reissues** the opinion correcting its references to 10 U.S.C. § 3453. ASTi's motion does not otherwise show the extraordinary circumstances that would warrant relief, and the court **denies** ASTi's motion.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen  
MOLLY R. SILFEN  
Judge